NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| William Edward Kangas,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, *et al.*,<br><br>Respondents. | No. CV-16-03364-PHX-JJT (JZB)<br><br>**ORDER** |

Before the Court is Petitioner's Motion to Amend/Correct Petition for Habeas Corpus (Doc. 19), which United States Magistrate Judge John Z. Boyle has recommended this Court grant (Doc. 22) and to which Respondents have not objected. The Court will grant the motion and Order the lodged Proposed Amended Petition (Doc. 20) filed.

Also before the Court is Judge Boyle's Report and Recommendation ("R&R") (Doc. 22) recommending that the Court deny and dismiss with prejudice the Amended Petition for Writ of Habeas Corpus 2254 (Doc. 20). Petitioner timely filed an Objection to the R&R (Doc. 23), and Respondents filed a Reply in agreement with the R&R (Doc. 24). Upon consideration of each of these submissions, the Court will adopt the R&R in whole, including its reasoning, and will deny and dismiss with prejudice the Amended Petition.

Judge Boyle thoroughly and exhaustively analyzed both the procedural impediments to jurisdiction and the shortcomings on the merits of each of the four

grounds on which the Amended Petition lay. As Judge Boyle recommended for purposes of addressing the Amended Petition, as a matter of judicial economy the Court will analyze the first three of the four grounds on the merits, even though several or all of those grounds likely would not survive procedural bars to federal habeas review. Upon a review on the merits, Judge Boyle correctly concluded that Grounds One, Two and Three fail. The Court also agrees with Judge Boyle and finds that Ground Four is technically exhausted but procedurally defaulted, and that Petitioner presents no showing of cause and prejudice that would excuse such default.

Ground One of the Amended Petition posits that trial counsel provided ineffective assistance within the meaning of *Strickland v. Washington*, 466 U.S. 688, 684 (1984), when counsel failed to "establish and maintain" an adequate relationship with Petitioner, investigate Petitioner's case and discuss strategy with Petitioner. Petitioner fails in Ground One to overcome the strong presumption in the law of adequate assistance. The Arizona trial court found an adequate relationship between attorney and client based on objective criteria cited in the record, as Judge Boyle identified expressly in the R&R. Once the state court made such finding, the burden is on Petitioner to prove that decision incorrect by showing—not merely alleging—what trial counsel was required to do but failed to do. Petitioner makes no such showing. Ground One fails.

In Ground Two, Petitioner argues that trial counsel was ineffective in not moving for suppression of the computer at the heart of the case against Petitioner and not arguing an inadequate chain of custody as to the resulting evidence. These arguments fail as well. Petitioner's voluntary grant of access to his computer by a non-government actor does not implicate state action or the Fourth Amendment. And a defect in the chain of custody goes only to the weight of evidence, not its admissibility. Neither decision constituted ineffective assistance.

Petitioner urged in Ground Three that trial counsel should have moved for acquittal pursuant to Ariz. R. Cr. P. 20 after the close of all evidence, and that the trial court on Post Conviction Relief ("PCR") review unreasonably determined facts in

denying a claim of ineffective assistance for this decision. Ground Three has no merit. A Rule 20 motion for acquittal is properly filed at or after the conclusion of the state's evidence, and as the trial court on PCR review noted, Petitioner's trial counsel so moved at the conclusion of the state's case in chief. A Rule 20 motion by definition tests the adequacy of the state's evidence *before any presentation of evidence by the defendant.* Once the state has rested its case in chief, the trial court, in deciding a Rule 20 motion, takes into account no other information; it does not consider any evidence a defendant may later adduce. The court's sole test is whether, standing alone, the evidence put forth by the state in its case in chief, whenever evaluated, was "substantial evidence to warrant the allegation." Ariz. R. Cr. P. 20(b). For this reason, once trial counsel moved for acquittal pursuant to Rule 20, moving for acquittal again after the conclusion of Petitioner's own case would have had no effect.

Finally, in Ground Four, Petitioner argues that that counsel for the PCR was ineffective because that counsel failed to argue multiple separate irregularities before the grand jury and trial jury. Petitioner's Ground Four fails both on the merits and because most or all of the errors Petitioner now urges are defaulted. Petitioner never raised to the PCR court three of the actions he now charges as error, including trial counsel's failure to: 1) strike certain *veniremen* from the jury panel; 2) challenge the reading of the indictment to the trial jury; and 3) notify the trial court that the state withheld exculpatory evidence. Those errors, if they be errors, are procedurally defaulted without excuse for cause and prejudice. As for Petitioner's claims that a grand juror had a conflict of interest, PCR counsel did raise these issues to the state court, who correctly decided to pursuant to state law, as Judge Boyle set forth in the R&R. In any event, Petitioner showed no prejudice from any such conflict of interest. Ground Four fails.

Petitioner's Objections (Doc. 23) state no additional information, law or arguments against the R&R. Petitioner merely repeats prior contentions without support and cites very general propositions of law. The Objections fail to dissuade the Court on any of Judge Boyle's recommended conclusions, or any of the reasoning behind them.

1    IT IS ORDERED granting Petitioner's Motion to Amend/Correct Petition for Habeas Corpus (Doc. 19). The Clerk shall file in the Proposed Amended Petition lodged at Doc. 20.

IT IS FURTHER ORDERED adopting in whole the R&R prepared by Judge Boyle in this matter (Doc. 22).

IT IS FURTHER ORDERED denying and dismissing with prejudice the Amended Petition (Doc. 20) in this matter, for the reasons set forth above and in more fulsome detail in the R&R. The Clerk shall close this matter.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 14th day of November, 2017.

Honorable John J. Tuchi
United States District Judge