**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Edward Kangas,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-16-03364-PHX-JJT (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

Petitioner William Kangas has filed Motion for Relief Pursuant to Rule 60(b). (Doc. 31.)

**I.  Summary of Conclusion.**

Petitioner argues that he is actually innocent because other individuals could have placed pornographic materials on his computer without his knowledge. But Petitioner's claim is nothing more than additional argument regarding claims already considered by the state courts and this Court. Petitioner's claim must be dismissed because it is a disguised, successive § 2254 motion.

**II.  Rule 60 Motion.**

On March 16, 2018, Petitioner filed a Rule 60 Motion arguing there is "proof of actual innocence" in his case. (Doc. 31 at 15.) He submits "there are five (5) different ways that Mr. Lamm could have put the [pornographic] pictures and videos on Mr. Kangas' computer." (*Id*.) He asserts that the prosecution's computer experts were not

experts on "hacking" and had "no knowledge concerning how computers can be 'hacked' or 'manipulated.'" (*Id.* at 18.) He also asserts that "with the amount of pictures and videos allegedly found on Mr. Kangas' computer, and given the fact that Mr. Kangas held a job, took care of his son and participated in activities outside his home, it is feasable that these pictures and videos were placed on his computer by 'hackers' and/or Mr. Lamm." (*Id.* at 20.) He argues that if "trial counsel acted with the customary skill and diligence" and argued that Petitioner's computer had been hacked, then Petitioner would not have been convicted. (*Id.* at 20.)

Petitioner also includes a summary of facts and findings related to the disbarment of his trial counsel for conduct between November 2012 and January 2015. The Court notes that Petitioner's trial and appeal concluded before 2009.

**III. Background.**

**A. Facts of the Crimes.**

The Court includes a recitation of the facts because they are relevant to Petitioner's claim of actual innocence. The Arizona Court of Appeals found the following:[1]

> In September 2005, Kangas was experiencing difficulties accessing digital pictures on his computer's hard drives. Because Kangas's co-worker, A. Lamm, was experienced in repairing computer systems, Kangas gave Lamm a loose hard drive and a computer tower containing two hard drives on or about September 25, 2005, so Lamm could retrieve "family pictures." After scanning one of the disks in the tower, Lamm discovered a large number of digital photos depicting children engaged in sexual acts. Lamm reported the discovery to his supervisor and ultimately, Yuma police seized the computer equipment and conducted a forensic examination of the loose hard drive, which had at one time been connected to the computer. In three different folders on the hard drive, police discovered seven pictures and three digital videos that formed the basis of the indictment charging Kangas with ten counts of sexual exploitation of a minor in violation of A.R.S. § 13–3553(A)(2) (Supp. 2007).
>
> A jury convicted Kangas as charged and found each offense involved a minor under the age of 15. The superior court sentenced Kangas to ten mitigated ten-year consecutive flat-time prison sentences. Kangas timely appealed.

---

[1] The Arizona Court of Appeals' recitation of the facts is presumed correct. *See* 28 U.S.C. § 2254(d)(2), (e)(1); *Runningeagle v. Ryan*, 686 F.3d 758, 763 n.1 (9th Cir. 2012) (rejecting argument that statement of facts in state appellate court's opinion should not be afforded the presumption of correctness).

*State v. Kangas*, 2008 WL 3856357, at *1-2 (Ariz. Ct. App. 2008).

### B. Petitioner's Direct Appeal.

On May 7, 2007, Petitioner filed an appeal. (Doc. 10-1, Ex. I, at 70.) On March 4, 2008, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences. (Doc. 10-1, Ex. K, at 169.) On May 1, 2008, the mandate issued. (Doc. 10-2, Ex. L, at 181.)

### C. Petitioner's First Post-Conviction Relief Proceeding.

On May 14, 2014, Petitioner filed a Petition for Post-Conviction Relief. (Doc. 10-2, Ex. P, at 8.) On October 9, 2015, the trial court reviewed Petitioner's claims and denied relief. (Doc. 10-2, Ex. S, at 119.)

Petitioner did not file for review with the Arizona Court of Appeals.

### D. Petitioner's Federal Habeas Petition.

On October 3, 2016, Petitioner filed a Petition. (Doc. 7.) On November 14, 2017, the Court denied the Petition. Docs. 26-27; *Kangas v. Ryan*, 2017 WL 5443167, at *1 (D. Ariz. 2017).

On February 22, 2018, Petitioner's request for a Certificate of Appealability was denied by the Ninth Circuit Court of Appeals. (Doc. 30.)

## IV. The Motion.

Petitioner requests relief pursuant to Federal Rule of Civil Procedure 60(b)(2), which states that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial [under Rule 59(b)]." Fed. R. Civ. P. 60(b)(2).

Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).[2] "If the alleged Rule 60(b) motion asserts some 'defect in the integrity of the federal habeas

---

[2] Rule 60(b) applies to habeas proceedings under 28 U.S.C. § 2254. *Gonzalez*, 545 U.S. at 529-32

- 3 -

proceedings,' it is a legitimate Rule 60(b) motion." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011). "On the other hand, if the motion presents a 'claim,' i.e., 'an asserted federal basis for relief from a . . . judgment of conviction,' then it is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." (*Id.*) Interpreting *Gonzalez*, the court in *Washington* stated:

> The Court gave a number of examples of such "claims," including: a motion asserting "that owing to 'excusable neglect,' the movant's habeas petition had omitted a claim of constitutional error," *id.* at 530-31[] (citation omitted) (quoting Fed.R.Civ.P. 60(b)(1)); **a motion to present "newly discovered evidence" in support of a claim previously denied**, *id.* at 531[] (citation omitted) (quoting Fed. R. Civ. P. 60(b)(2)); a contention "that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a claim," *id.* (quoting Fed. R. Civ. P. 60(b)(6)); a motion "that seeks to add a new ground for relief," *id.* at 532[]; a motion that "attacks the federal court's previous resolution of a claim on the merits," *id.* (emphasis omitted); a motion that otherwise challenges the federal court's "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief," *id.* at 532 n.4[]; and finally, "an attack based on the movant's own conduct, or his habeas counsel's omissions," *id.* at 532 n.5[]. According to the Court, if a pleading labeled a Rule 60(b) motion includes such claims, it "is in substance a successive habeas petition and should be treated accordingly." *Id.* at 531[].

*Id.* (citing *Gonzales*, 545 U.S. at 530-32) (emphasis added).

Here, Petitioner does not argue there was a defect in the prior habeas proceeding. Instead, Petitioner asserts there is "proof of actual innocence" (doc. 31 at 15) and "defense counsel never developed Mr. Lamm as a potential suspect" (*id.* at 18). Petitioner's claim is nothing more than a disguised motion in support of his trial claim that another person placed pornography on his computer. Petitioner's Motion should be dismissed. *See Washington*, 653 F.3d at 1063; *Jones v. Ryan*, 2013 WL 5348294, at *5 (D. Ariz. 2013) (dismissing Rule 60 motion because "the Court lacks jurisdiction to consider the new IATC claims raised therein absent authorization from the court of appeals."); *Schad v. Ryan*, 2013 WL 5276407, at *7 (D. Ariz. 2013) (dismissing Rule 60(b) motion because it sought to "litigate a claim already adjudicated on the merits by this Court").

Further, even a claim of actual innocence must be approved by the Ninth Circuit Court of Appeals before it can be reviewed by this Court.

> Under [28 U.S.C. § 2244(b)(2)], a successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction. 28 U.S.C. § 2244(b)(2). Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court. 28 U.S.C. § 2244(b)(3).[3]

*Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, Petitioner's proposed Rule 60(b) motion would be a second or successive habeas petition because it does not attack the integrity of the federal habeas proceeding and instead argues a prior claim.

Also, Petitioner's argument is neither newly discovered nor evidence. Instead, Petitioner raises a claim that he raised during trial. Petitioner argues that "defense counsel never developed Mr. Lamm as a potential suspect." (Doc. 31 at 18.) Petitioner is incorrect. The trial jury and the Arizona Court of Appeals considered Petitioner's claim regarding Mr. Lamm.

> Kangas testified, however, that he did not load the graphic material on the computer. Although Lamm's testimony that he only accessed one of the attached hard drives—not the loose hard drive containing the images at issue—was confirmed by the police department's forensic examination, Kangas suggested Lamm and other co-workers conspired to place the images on the loose hard drive. Lamm and all police officers who had access to the hard drive denied putting the images on the computer. A conflict in the evidence is not the same as insufficient evidence.

*Kangas*, 2008 WL 3856357, at *2. The trial court denied Petitioner's ineffective assistance of trial claim and found:

> The second claim alleges that Counsel Tilson was ineffective due to his failure to conduct a proper investigation concerning experts, possible alibi, legality of search and seizure and other possible users of computer.
>
> The Defendant claims that Counsel Tilson was ineffective because he failed to adequately cross-examine the State's computer expert and did not adequately conduct a direct examination of the Defense's computer expert to show that digital imagery can enter a computer without the knowledge of the user of the computer. However, Counsel Tilson did elicit testimony indicating the computer user had not hidden the files and therefore it could be inferred that the Defendant had no knowledge the material was on his computer. The inference being that if he had known, he would have hidden the files.

---

[3] 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

- 5 -

> Counsel Tilson also elicited expert testimony [that] illegal images could enter a person's computer without his knowledge as a result of viruses. . . .

(Doc. 10-2, Ex. S, at 120.) Petitioner's claim is not new.

Petitioner's claim is not evidence. Petitioner argues that "with the amount of pictures and videos allegedly found on Mr. Kangas' computer, and given the fact that Mr. Kangas held a job, took care of his son and participated in activities outside his home, it is feasable that these pictures and videos were placed on his computer by 'hackers' and/or Mr. Lamm." (*Id.* at 20.) But this assertion is mere argument and not proof of actual innocence. Petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency"). Petitioner does not present new evidence.

Regarding Petitioner's trial counsel, Mr. Tilson, Petitioner argues that his disbarment "brings into question the effectiveness of his representation of Mr. Kangas, at trial." (Doc. 31 at 25.) But Petitioner previously raised claims of ineffective assistance of trial counsel as noted above. Petitioner's claim regarding counsel is also not an attack against the integrity of the habeas proceedings. As the Supreme Court noted in *Gonzalez*, "an attack based on . . . habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary to resolve this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). The Court recommends the Rule 60 Motion for Relief (doc. 31) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Motion for Relief (doc. 31) be **DISMISSED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 11th day of May, 2018.

Honorable John Z. Boyle
United States Magistrate Judge